No. 24-40727

In the United States Court of Appeals
for the Fifth Circuit

—————————————————

# United States of America,

Plaintiff-Appellee,

v.

# William Scott Kendall,

Defendant-Appellant.

—————————————————

On Appeal from the United States District Court
for the Southern District of Texas

—————————————————

# Appellant's Opening Brief

—————————————————

Nelson S. Ebaugh
Nelson S. Ebaugh, P.C.
3730 Kirby Dr., Ste. 1200
Houston, TX 77098
(713) 752-0700

*Counsel for Defendant-Appellant*

# Certificate of Interested Persons

*United States v. William Scott Kendall,*
No. 24-40727

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case.

1. William Scott Kendall, Defendant – Appellant

2. Counsel for Plaintiff – Appellee:
   U.S. Attorney Nicholas J. Ganjei, Assistant United States Attorneys Carolyn Ferko, Joel Stacey Dunn, Joseph F. Griffith, and Zachary Bird (district court counsel), and Assistant United States Attorneys Carmen Castillo Mitchell and Philip Harris (appellate counsel)

3. Former Counsel for Plaintiff – Appellee:
   Alamdar S. Hamdani (former U.S. Attorney)

4. Counsel for Defendant – Appellant:
   Nelson S. Ebaugh (appellate counsel)

5. Former Counsel for Defendant – Appellant:
   Carlos Omar Reyna, Jon Muschenheim, Kristen D. Langford-Harris, Marjorie A. Meyers, Rachel Elizabeth Braver, Kathryn Lucille Shephard (district court counsel)

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

i

## Statement Regarding Oral Argument

William Scott Kendall does not request oral argument, as the question presented is straightforward and capable of resolution by reference to the briefs alone.

# Table of Contents

Certificate of Interested Persons ................................................. i

Statement Regarding Oral Argument ...................................... ii

Table of Authorities.............................................................. iv

Statement of Jurisdiction....................................................... 1

Statement of the Issue ........................................................... 2

Statement of the Case ............................................................ 3

Summary of the Argument ..................................................... 8

Argument............................................................................... 9

    A.  Standard of Review.................................................... 9

    B.  Standard Conditions 2-15 and the "Home Detention" Special Condition Must be Stricken. ........................ 10

Conclusion ........................................................................... 14

Certificate of Service ........................................................... 15

Certificate of Compliance .................................................... 16

# Table of Authorities

## Cases

*ITT Rayonier Inc. v. United States,*
   651 F.2d 343 (5th Cir. 1981) ................................................................. 4

*United States v. Diggles,*
   957 F.3d 551 (5th Cir. 2020) (en banc) ........................................ 9, 11

*United States v. Garcia-Marcelo,*
   2022 WL 3684613 (5th Cir. Aug. 25, 2022) (per curiam) ................... 13

*United States v. Griffin,*
   2022 WL 17175592 (5th Cir. Nov. 23, 2022) (per curiam) ................. 12

*United States v. Martinez,*
   47 F.4th 364 (5th Cir. 2022) .............................................................. 11

*United States v. Nelson*, No. 22-20266,
   2023 WL 3919000 (5th Cir. June 9, 2023) (per curiam) .............. 12, 13

*United States v. Prado,*
   53 F.4th 316 (5th Cir. 2022) ................................................................ 9

*United States v. Tanner,*
   984 F.3d 454 (5th Cir. 2021) ................................................................ 9

## Statutes

18 U.S.C. § 3559(a)(3) .............................................................................. 3

18 U.S.C. § 3742 ....................................................................................... 1

18 U.S.C. § 922(g)(1) ................................................................................. 3

**Rules**

Fed. R. App. P. 4(b)..........................................................................1

## Statement of Jurisdiction

This Court has appellate jurisdiction over the district court's final judgment of conviction and sentence under 28 U.S.C. § 1291. Jurisdiction also lies pursuant to 18 U.S.C. § 3742. Kendall filed his notice of appeal in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure in a timely manner. ROA.119-122, 123-125.

## Statement of the Issue

At sentencing, the district court referred to "conditions addressed by Probation here" and "the Appendix there," without identifying the documents or confirming that Kendall had reviewed them with counsel. Further, the court never mentioned standard conditions 2–15 or the "Home Detention" special condition. When the court fails to identify and pronounce non-mandatory conditions, and the defendant lacks notice and a chance to object, must those conditions be stricken?

## Statement of the Case

## Conviction, Sentencing, and First Appeal

On June 5, 2024, a district court sentenced William Scott Kendall after he pleaded guilty to being a felon in possession of a firearm and ammunition, a Class C felony. ROA.76-81; *see also* 18 U.S.C. § 3559(a)(3). The offense carried a statutory maximum sentence of 15 years. ROA.357 (PSR ¶ 54). Under the Sentencing Guidelines, Kendall's total offense level of 13 and criminal history category of III resulted in a recommended imprisonment range of 18 to 24 months. ROA.357 (PSR ¶ 55). The district court imposed an 18-month sentence, followed by three years of supervised release. ROA.76-81. As part of his supervised release, Kendall had to comply with standard conditions and other requirements, including participation in an outpatient substance-abuse treatment program and participation in a battering intervention and prevention program. ROA.76-81.

Kendall appealed his conviction, arguing that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him. Brief for Appellant at 3-37,

*United States v. Kendall*, No. 24-40441 (5th Cir. 2024).[1] Specifically, he contended that his prior Texas felony conviction for injury to the elderly should not serve as a predicate offense under § 922(g)(1) because, at the time of the nation's founding, assault was generally not considered a felony or severely punished. Brief for Appellant at 4-34, *United States v. Kendall*, No. 24-40441 (5th Cir. 2024). He also challenged the application of § 922(g)(1) based on his prior Texas conviction for unlawful possession of a firearm, asserting that such conduct was not criminalized at the founding and thus should not be used to strip him of his Second Amendment rights. Brief for Appellant at 35-37, *United States v. Kendall*, No. 24-40441 (5th Cir. 2024).

The appeal, docketed as case number 24-40441 under the caption *United States v. Kendall*, is pending before the Fifth Circuit. Briefing in the case has been completed, but this Court has not yet issued its decision.

---

[1] *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (noting a court may take judicial notice of its own records or those of inferior courts)).

## Supervised Release

Kendall completed his term of imprisonment on August 30, 2024, and began serving his three-year term of supervised release. ROA.106.

## Violations of Supervised Release

On October 10, 2024, the U.S. Probation Office filed a Superseding Petition for Offender Under Supervision, alleging that Kendall violated two conditions of his supervised release:

1. Failure to Abide by Drug Treatment Program's Rules and Regulations

2. Law Violation: Assaulting, Obstructing, or Impeding a U.S. Probation Officer

   ROA.106-109.

## Revocation Proceedings

On October 30, 2024, Judge Nelva Gonzales Ramos held a revocation hearing to determine whether Kendall violated the conditions of his supervised release and what consequences should follow. ROA.301-315.

At the hearing, the court considered the Chapter 7 Guidelines, which recommended a custody range of five to eleven months. ROA.305.

Kendall pleaded "true" to both allegations in the Superseding Petition. ROA.305-306. The government then introduced three exhibits:

- **Exhibit 1** – Text messages from Kendall to Probation Officer Vega, which contained threats

- **Exhibit 2** – A substance abuse evaluation and email from Paramount Therapy Center

- **Exhibit 3** – A monthly treatment report from Paramount Therapy Center

ROA.305-306. When Judge Ramos asked whether Kendall objected to these exhibits, his counsel said he had no objections. ROA.307. The court then accepted the exhibits and found that Kendall had violated the conditions of his supervised release. ROA.307-308.

**Sentencing on Revocation**

After finding Kendall in violation, the court considered sentencing recommendations. ROA.308-311. The government recommended an 11-month prison term, deferring to the probation officer for the length of any additional supervision. ROA.308. The probation officer suggested five months in custody followed by 31 months of supervised release, which would include conditions such as substance abuse treatment testing and

abstinence, mental health treatment, anger management, the Battering Intervention and Prevention Program, and location monitoring. ROA.308-309. Defense counsel requested that Kendall's supervised release be reinstated with a 30-day jail sanction, including credit for time already served. ROA.309-311.

Judge Ramos revoked Kendall's supervised release and sentenced him to six months' imprisonment, followed by 30 months of supervised release. ROA.313. The court also imposed several conditions "addressed by Probation here," including participation in outpatient substance abuse and alcohol treatment, substance abuse testing, a prohibition on alcohol use or possession, mental health treatment designed specifically for anger management, participation in a Battering Intervention and Prevention Program, and six months of location monitoring with the type of technology to be determined by the probation officer. ROA.313-314. In conclusion, Judge Ramos stated that the supervised release conditions "will be imposed as stated and as set out in the Appendix there." ROA.314.

Kendall timely appealed. ROA.119-122, 123-125.

## Summary of the Argument

The record does not show that Kendall reviewed the Appendix to the Judge's Sentencing Option Worksheet with counsel, nor did the court expressly adopt that document on the record. Because standard conditions 2–15 and the "Home Detention" special condition impose additional burdens not included in the oral pronouncement, they conflict with the oral sentence and must be stricken.

## Argument

### A.   Standard of Review

Due process requires that the district court orally announce any conditions for supervised release that are not mandatory under 18 U.S.C. § 3583(d). *See United States v. Diggles*, 957 F.3d 551, 557, 563 (5th Cir. 2020) (en banc). "Accordingly, where the oral pronouncement and written judgment conflict, the oral pronouncement controls." *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021) (citation omitted). The two conflict if the written judgment "broadens the restrictions" of or "imposes more burdensome conditions" than the oral pronouncement. *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (citations and internal quotation marks omitted). "In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement." *Id.* (citation omitted).

When, as here, a defendant objects to a condition of supervised release "for the first time on appeal, [this Court] usually review[s] only for plain error." *Diggles*, 957 F.3d at 559 (citation omitted). But if the defendant had no chance to object because the condition was not

9

pronounced at sentencing, then [this Court's] review is for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

### B.  Standard Conditions 2-15 and the "Home Detention" Special Condition Must be Stricken.

Kendall was not given fair notice of standard conditions 2–15 or the special "Home Detention" condition. At sentencing, the district court did not mention standard or mandatory conditions, nor did it adopt the Appendix to the Judge's Sentencing Option Worksheet by name. Instead, it referred to "the conditions addressed by Probation here," without clarifying the reference. ROA.313. It then explicitly pronounced several special conditions—substance and alcohol abuse treatment, testing, a ban on alcohol, mental health and anger management programs, the Battering Intervention and Prevention Program, and six months of location monitoring. ROA.313–14. After doing so, the court pronounced that the special conditions "will be imposed as stated and as set out in the Appendix there," without identifying what "Appendix" it meant. ROA.314.

Due process requires more. "A defendant has the same right to be present at his sentencing after revocation of supervised release that he has at his initial sentencing." *United States v. Brown*, 855 Fed. Appx. 176,

178 (5th Cir. 2021) (per curiam) (citations omitted). Notice is given when a condition is mandatory or the court expressly states that it adopts the conditions listed in a document, such as a presentencing report (PSR), which the defendant has had the opportunity to review. *See Diggles*, 957 F.3d at 560 ("When the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object.") (citations omitted). The court "must ensure . . . that the defendant had an *opportunity* to review [the conditions] with counsel." *Diggles*, 957 F.3d at 561 n.5 (emphasis added).

Here, the record on appeal does not show that Kendall had a chance to review the Appendix to the Judge's Sentencing Option Worksheet with his attorney before sentencing. The district court also did not adopt the Appendix to the Judge's Sentencing Option Worksheet or refer to it specifically at sentencing.

Mere references to "the conditions addressed by Probation here" and "the Appendix there" did not put Kendall on notice that it was referring to the Appendix to the Judge's Sentencing Option Worksheet. *Cf. United States v. Martinez*, 47 F.4th 364, 367–68 (5th Cir. 2022)

11

(because "the district court erred in failing to clarify 'the standard conditions' to which it referred at the sentencing hearing or to expressly locate, identify, and adopt by reference a specific written list of conditions," and "[t]he 'standard conditions' listed in the judgment are not mandatory under § 3583(d) and were 'not included in the oral pronouncement . . . . It necessarily follows that [the standard conditions] must be stricken.'").

Because Kendall did not have fair notice that the court was imposing standard conditions 2-15, which are more burdensome than those orally pronounced, standard conditions 2-15 must be stricken. *Cf. United States v. Nelson*, No. 22-20266, 2023 WL 3919000, at *3 (5th Cir. June 9, 2023) (per curiam) ("Conditions 2–9 and 11–15 are irreconcilable [with the district court's oral pronouncement]. These conditions are separate and in addition to the conditions given at sentencing. They are new and thus more burdensome restrictions. So the district court abused its discretion in imposing them. Accordingly, the district court must strike them from the judgment."); *United States v. Griffin*, 2022 WL 17175592, at *2 (5th Cir. Nov. 23, 2022) (per curiam) (vacating written judgment and remanding case where district court made no oral

reference to standard conditions of supervised release and failed to adopt the PSR, which recommended the conditions); *United States v. Garcia-Marcelo*, 2022 WL 3684613, at *1, *3 (5th Cir. Aug. 25, 2022) (per curiam) (same).

The district court also failed to orally pronounce the special condition of "Home Detention" at sentencing. That condition states: "You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (Home Detention)." ROA.172.

To be sure, probation recommended the "Home Detention" special condition in the Appendix to the Judge's Sentencing Option Worksheet. ROA.413. But the district court did not orally adopt the Appendix to the Judge's Sentencing Option Worksheet or otherwise orally pronounce the "Home Detention" special condition at sentencing. Because this condition adds a restriction on top of the pronounced conditions, it conflicts with the oral sentence and must be stricken, too. *See, e.g., Nelson*, 2023 WL 3919000, at *4 ("Probation recommended special conditions 1, 3, and 7 in

the PSR. [But] the district court did not orally adopt the PSR or otherwise orally pronounce these conditions at sentencing. As these conditions add restrictions on top of the pronounced conditions, they conflict with the oral sentence and must be excised.").

## Conclusion

For these reasons, standard conditions 2–15 and the "Home Detention" special condition must be stricken from the written judgment.

Respectfully submitted,

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh
Nelson S. Ebaugh P.C.
3730 Kirby Drive, Suite 1200
Houston, Texas 77098
(713) 752-0700

*Counsel for Defendant-Appellant*

## Certificate of Service

I certify that, on April 16, 2025, this brief was filed using the Court's CM/ECF system. All attorney participants in the case are registered CM/ECF users and will be served electronically via that system.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,987 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word software in Century Schoolbook 14-point font in text and Century Schoolbook 12-point font in footnotes.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh